# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASMINE BROWN**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 21-1387-KSM** |
| **HARRY WHITE**, *et al.*, | |
| Defendants. | |

## MEMORANDUM

**MARSTON, J.**                                                                 **May 25, 2022**

Defendant Harry White was driving a Greyhound bus down the Pennsylvania Turnpike when he crashed into a tractor trailer.  (Doc. No. 32-2 ¶ 1.)  Unfortunately, the accident caused Plaintiff Jasmine Brown, a passenger on the bus, to suffer injuries.  (Doc. No. 1-1 ¶ 33.)  Ms. Brown brings suit against Mr. White, alleging that his negligence and/or recklessness caused the accident.  (*Id.* ¶ 31–43.)  Ms. Brown also asserts claims against Defendants Greyhound Lines, Inc. ("Greyhound") and FirstGroup America ("FirstGroup"), Mr. White's employers at the time of the accident, arguing that they are vicariously liable for Mr. White's negligence and/or recklessness and that they were negligent and/or reckless in hiring, retaining, and supervising Mr. White.  (*Id.* ¶¶ 44–56.)  Ms. Brown seeks compensatory and punitive damages from all Defendants on all counts.  (*Id.* at 16–25.)

Presently before the Court is Defendants' Motion for Partial Summary Judgment on Ms. Brown's punitive damages request.  (Doc. No. 30.)  For the reasons that follow, Defendants' motion is denied.

## I.     BACKGROUND

### A.     *Factual Background*

Viewing the evidence in the light most favorable to Ms. Brown, the relevant facts are as follows.

Early in the morning of August 1, 2020, Ms. Brown boarded an overnight Greyhound bus from New York to Pittsburgh.  (Doc. No. 32 at 5.)  Mr. White drove the bus for the entirety of the trip, including at the time of the accident.  (Doc. No. 32-2 ¶ 8.)  Ms. Brown spent most of the trip sleeping, but she woke up twice when the bus veered onto rumble strips on the edge of the road.  (*Id.* ¶ 6.)  Ms. Brown was awoken again at 4:45 a.m. when the bus rear-ended a tractor trailer ahead of it.  (*Id.* ¶ 1.)  The tractor trailer was illuminated and clearly visible; however, Mr. White did not see it until immediately before impact.  (*Id.* ¶¶ 28–30.)  The bus was traveling at 72 miles per hour,[1] and, by the time Mr. White realized he was about to hit the tractor trailer, it was too late for him to apply the brakes.  (*Id.* ¶¶ 28–30.)

Because Ms. Brown had been asleep in the moments leading up to the accident, she was not able to testify about what may have caused the accident, but cameras on the bus's dashboard captured footage of Mr. White driving the bus in the moments leading up to the accident.  (Doc. No. 32-3, Ex. C.)  Although Mr. White was awake at the time of the accident, the dashcam video appears to show him looking down at a glowing device in his lap just before the collision.  (*Id.*)  The video also appears to show that Mr. White's left hand did not grab onto the wheel until the moment of the impact.  (*Id.*)

In discovery, Ms. Brown sought to download data from Mr. White's cell phone detailing

---

[1] Defendant Greyhound's corporate designee testified that the bus is "governed" at a speed of 68 miles per hour, so to accelerate the bus to 72 miles per hour, Mr. White would have had to have his foot "fully down on the pedal" while traveling downhill.  (Doc. No. 32-3 at 20.)

his cell phone usage at the time of the accident.  (Doc. No. 32-2 ¶ 11.)  Her expert was unable to do so due to "equipment issues"; however, he was able to complete a "partial download."  (*Id.*)  The partial download revealed that Mr. White did not make any phone calls or send any text messages from 12:00 a.m. to 6:00 a.m. on August 1 but used 79878.0 KB of "mobile data" from 12:00 a.m. to 3:00 a.m. and 121.54 MB of "mobile data" from 3:00 a.m. to 6:00 a.m.  (*See* Doc. No. 30-7 at 3.)  Because the expert was only able to conduct a partial download, the records do not detail *how* Mr. White used the data, only *that* he used the data.[2]  (Doc No. 32-2 ¶ 11.)

### B.   Procedural History

Ms. Brown initiated this action in the Philadelphia County Court of Common Pleas on March 22, 2021 (Doc. No. 1-1), and Defendants timely removed the action to this Court (Doc. No. 1).  Upon removal, Defendants moved to dismiss Ms. Brown's request for punitive damages (Doc. No. 6).  The Court denied the motion to dismiss (Doc. No. 18), and the parties conducted discovery for several months.

Following a period of discovery, Defendants moved for summary judgment on Ms. Brown's punitive damages request.  (Doc. No. 30.)  Defendants argue that punitive damages are not available because the record evidence shows that Defendants acted, at most, negligently, and punitive damages are only available where a defendant acted intentionally, recklessly, or maliciously.  (Doc. No. 30-9 at 5–6.)  Ms. Brown opposes the motion, arguing that a reasonable jury could find that Mr. White acted recklessly by using a cell phone while driving a bus with 22 passengers in the middle of the night.  (Doc. No. 32 at 18.)

## II.   LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to

---

[2] It is not clear to the Court how Ms. Brown could use the information obtained from the partial download without an expert report explaining what the "mobile data" represents.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[T]he inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks and alterations omitted).

## III.    DISCUSSION

Under Pennsylvania law,[3] punitive damages are an "extreme remedy" that may be awarded "only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (cleaned up). A defendant acts recklessly where "his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent." *Id.* That is, punitive damages are available only where a defendant has acted intentionally, willfully, or recklessly—they are not available where a defendant merely acted negligently. *Id.* at 445–46.

---

[3] The parties agree that Pennsylvania law governs this dispute. (*See* Doc. No. 30-9 at 5; Doc. No. 32 at 9.)

Here, there are no allegations that Mr. White acted intentionally or willfully, so punitive damages are available only if a reasonable jury could find that Mr. White's conduct was reckless. Ms. Brown argues that Mr. White's decision to use his cell phone while operating the bus was reckless. (Doc. No. 32 at 16.)

Although cell phone usage while driving, without more, is typically insufficient to support a finding of recklessness, courts applying Pennsylvania law have held that cell phone usage may rise to the level of recklessness where aggravating factors render the cell phone usage particularly egregious. For instance, in *Tjokrowidjojo v. San Lucas*, CIVIL ACTION NO. 20-6564, 2021 WL 1561956, at *3 (E.D. Pa. Apr. 21, 2021), the court found that the defendant may have acted recklessly where he used a cell phone while operating a commercial freightliner, hit the plaintiff's car, and continued driving because he was so distracted that he did not realize he hit the car. Likewise, in *Simpson v. Buchanan*, CIVIL ACTION NO. 20-2583, 2020 WL 4504444, at *1 (E.D. Pa. Aug. 5, 2020), the plaintiff, who was stopped at a red light, noticed that the defendant was about to hit her car. She beeped the horn and inched her vehicle forward, but the defendant was "looking down and was not paying attention to the roadway" and rear ended the plaintiff's car. *Id.* The court concluded that a reasonable jury could find the defendant had acted recklessly given the allegations that he was looking down and did not realize he was about to be in an accident despite the plaintiff's attempts to catch his attention. *Id.* at *4. *Contra Piester v. Hickey*, No. 11–cv–04720, 2012 WL 935789, at *3–4 (E.D. Pa. Mar. 20, 2012) (dismissing the punitive damages request where the complaint alleged that the defendant "'looked at' his cellular telephone immediately preceding the accident" but did not allege additional facts making the defendant's conduct reckless); *Xander v. Kiss*, No. CV-2010-11945, 2012 WL 168326, at *1 (Pa. Ct. Comm. Pl. Jan. 11, 2012) ("In our view, the allegations in the

Amended Complaint do not rise to the level of egregiousness required for a punitive damages claim. . . . [T]he Defendant simply lost control of his vehicle while speaking on his cellular telephone . . . .").

As a threshold matter, Defendants argue that punitive damages are not available because Ms. Brown "has not produced any evidence to support [her] claim of recklessness through cell phone use."[4]  (Doc. No. 30-9 at 7.)  The Court is not persuaded by this argument—a reasonable jury could find that Mr. White was using his cell phone.  The dashcam video from the ten seconds before the accident is admittedly difficult to make out, but it appears to show a glowing light in Mr. White's lap near his left hand, which a reasonable jury could understand to be his cell phone.  (*See* Doc. No. 32-2, Ex. C.)  This conclusion could also be bolstered by the fact that Mr. White's cell phone records show that he used 121.54 MB of data in the three-hour window around the accident.  (Doc. No. 30-7 at 3.)  Of course, the jury may find otherwise at trial.  But the Court cannot make credibility determinations at this stage, and, viewing the record in the light most favorable to Ms. Brown, a reasonable jury could find that Mr. White was using his cell phone at the time of the accident.

A reasonable jury could also find that Mr. White's decision to use his cell phone in the moments leading up to the accident was reckless, as there are several aggravating factors that could render Mr. White's cell phone usage particularly egregious:  (1) he was driving a large bus with 22 passengers on board through the night; (2) he was driving as fast as the bus could possibly go; (3) he was driving with only one hand on the steering wheel; and (4) he never even tapped the brakes prior to his rear-end collision with the tractor trailer.  Although the jury may

---

[4] Defendants also argue that Ms. Brown "has not produced any evidence to support [her] claim of recklessness through . . . sleep." (Doc. No. 30-9 at 7.)  We agree with Defendants that Mr. White was clearly awake at the time of the accident—even Ms. Brown concedes this.  (*See* Doc. No. 32-2 ¶ 10.)

view the evidence differently, the Court cannot judge the credibility of witnesses and is unable to determine as a matter of law that Mr. White did not act recklessly.  *See Tjokrowidjojo*, 2021 WL 1561956, at *3; *Simpson*, 2020 WL 4504444, at *4; *see also Pennington v. King*, Civil Action No. 07–4016, 2009 WL 415718, at *6 (E.D. Pa. Feb. 19, 2009) (holding that a reasonable jury could find that the defendant had acted recklessly where he "was distracted by his cellular phone conversation and was operating his tractor-trailer in a wildly erratic manner").

Viewing the evidence in the light most favorable to Ms. Brown, a reasonable jury could find that Mr. White was reckless, so punitive damages are available.

## IV.   CONCLUSION

For these reasons, Defendants' motion for partial summary judgment is denied.[5]  An appropriate Order follows.

---

[5] As there is no evidence (and the parties do not argue) that Defendants Greyhound and FirstGroup were reckless in hiring, retaining, and supervising Mr. White, the Court finds that punitive damages are not available for Counts III and V.